**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――

MARION KILER, *on behalf of herself and*
*all others similarly situated,*

                          Case No.:

            Plaintiff,        **CLASS ACTION COMPLAINT**

    -against-

WNY LODGING LLC d/b/a ADAM'S MARK
HOTEL AND EVENT CENTER,

            Defendant,

―――――――――――――――――――――――

    Plaintiff, MARION KILER (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, WNY LODGING LLC, and states as follows:

<u>**INTRODUCTION**</u>

    1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant WNY LODGING LLC d/b/a ADAM'S MARK HOTEL AND EVENT CENTER (hereafter, "WNY LODGING" or "Defendant"), against the blind in New York State. Defendant is denying blind individuals throughout New York State equal access to the goods and services WNY LODGING provides to their non-disabled customers through http://www. Adamsmark.com (hereafter, "Adamsmark.com" or the "Website"). Adamsmark.com provides to

the public a wide array of the goods, services, testimonials, and other programs offered by the ADAM'S MARK hotel and event center. Yet, Adamsmark.com contains numerous access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction or make a reservation on the website. WNY LODGING thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living.

2.      Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, Adamsmark.com has many access barriers preventing blind people to independently navigate and complete a reservation using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.      Many blind people enjoy using the internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service hospitality industry and from independently accessing this ever-popular Website.

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

7.     Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface, including pop-up forms that are inaccessible. WNY LODGING's sighted customers can independently browse, select, and book a reservation online without the assistance of others. However, blind people including Plaintiff must rely on others to assist them in accessing and completing transactions on Adamsmark.com.

8.     By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9.     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.    Plaintiff browsed and intended to book a reservation for a room on Adamsmark.com. However, she was not able to make a reservation due to the numerous accessibility barriers on the Website. Unless Defendant remedies the numerous access barriers on its Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use and complete a transaction on Adamsmark.com. Plaintiff intends to browse and make a reservation for a room accommodation offered by Defendant in the future, once the

access barriers are remedied.

11.     This complaint seeks declaratory and injunctive relief to correct WNY LODGING's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on Adamsmark.com so that Plaintiff and the proposed Class of customers who are blind will be able to independently and privately use Defendant's Website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to:

(a)     28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

(b)     28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

13.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

14.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

15.     Defendant is registered to do business in New York State and has been doing business in New York State, including the Eastern District of New York. The ADAM'S MARK hotel and event space is owned by Defendant and is located in the Eastern District of New York. Defendant is subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in the Eastern District of New York, has been and is violating the rights of consumers in the Eastern District of New York, and has been and is causing injury to consumers in the Eastern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Eastern District of New York. Specifically, Plaintiff attempted to reserve a room at the ADAM'S MARK hotel and event space on Defendant's website Adamsmark.com in Suffolk County.

## PARTIES

16.     Plaintiff KILER is and has been at all times material hereto a resident of Kings County, New York.

17.     Plaintiff KILER is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff KILER cannot use a computer without the assistance of screen reader software. Plaintiff KILER has been denied the full enjoyment of the facilities, goods and services of Adamsmark.com, as well as to the facilities, goods and services of the ADAM'S MARK hotel and event space, as a result of accessibility barriers on Adamsmark.com. Most recently in April 2017, Plaintiff KILER attempted to make a reservation on Adamsmark.com but could not book a room due to the inaccessibility of the Website. The inaccessibility of Adamsmark.com has

deterred her and Class members from the enjoyment of the ADAM'S MARK hotel and event space.

18. Defendant WNY LODGING LLC d/b/a ADAM'S MARK HOTEL AND EVENT SPACE is an American for-profit corporation organized under the laws of New York, with a principal address of business at 120 Church St., Buffalo, NY 14202 and an address for service of process at 11751 East Corning Road, Corning, NY 14830. The Adam's Mark Hotel and Event Space (hereinafter, "ADAM'S MARK HOTEL") is a "convenient Downtown Buffalo hotel" with "486 deluxe guest rooms, including a variety of luxurious suites. It offers an extensive list of amenities and services that ensure every guest will experience absolute comfort and pleasure," according to Adamsmark.com.

19. The ADAM'S MARK HOTEL is owned by Defendant and is a place of public accommodation. The ADAM'S MARK HOTEL is located in New York State. This hotel and event space provides to the public important goods, such as promotions, amenities and accommodations. WNY LODGING also provides to the public a website service known as Adamsmark.com. Among other things, Adamsmark.com provides access to the array of goods and services offered to the public by WNY LODGING, including booking reservations, promotions and other benefits related to these goods and services. The inaccessibility of Adamsmark.com has deterred Plaintiff from booking a reservation at the ADAM'S MARK HOTEL.

20. Plaintiff, on behalf of herself and others similarly situated, seeks full and equal access to the goods and services provided by WNY LODGING through Adamsmark.com.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Adamsmark.com and as a result have been denied access to the enjoyment of goods and services offered in WNY LODGING, during the relevant statutory period."

22.    Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Adamsmark.com and as a result have been denied access to the enjoyment of goods and services offered in WNY LODGING, during the relevant statutory period."

23.    There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24.    This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Adamsmark.com and the ADAM'S MARK HOTEL. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on Adamsmark.com and by extension the goods and services offered through Defendant's Website to the ADAM'S MARK HOTEL.

25.    There are common questions of law and fact common to the class, including without limitation, the following:

(a)     Whether Adamsmark.com is a "public accommodation" under the ADA;

(b)     Whether Adamsmark.com is a "place or provider of public accommodation" under the laws of the New York;

(c)     Whether Defendant through its website Adamsmark.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

(d)     Whether Defendant through its website Adamsmark.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of New York.

26.     The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, are severely visually impaired or otherwise blind, and claim that WNY LODGING has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on its website, Adamsmark.com, so it can be independently accessible to the class of people who are legally blind.

27.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

28.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

30.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31.     The ADAM'S MARK HOTEL is a hotel and event space located in Buffalo, New York with a principal address of business at 120 Church St., Buffalo, NY 14202.

32.     Adamsmark.com is a service and benefit offered by WNY LODGING in New York State. Adamsmark.com is owned, controlled and/or operated by WNY LODGING.

33.     Adamsmark.com is a commercial website that offers products and services that are available in the ADAM'S MARK HOTEL. The Website allows the user to browse rooms at the hotel and event space, select and book reservations for personal use as well as commercial events and weddings; learn about the ADAM'S MARK HOTEL's location, and perform a variety of other functions.

34.     Among the features offered by Adamsmark.com are the following:

(a)     hotel information, allowing persons who wish to visit the ADAM'S MARK HOTEL to learn its location, hours and phone numbers;

(b)    online booking systems, allowing customers to book a hotel reservation as well as event space;

(c)    information about the ADAM'S MARK HOTEL's on-site restaurant, Harbor Bistro & Bar, and its menus; and

(d)    special offers and promotions available at the ADAM'S MARK HOTEL.

35.    This case arises out of WNY LODGING's policy and practice of denying the blind access to Adamsmark.com, including the goods and services offered by the ADAM'S MARK HOTEL through Adamsmark.com. Due to WNY LODGING's failure and refusal to remove access barriers to Adamsmark.com, blind individuals have been and are being denied equal access to the ADAM'S MARK HOTEL, as well as to the numerous goods, services and benefits offered to the public through Adamsmark.com.

36.    WNY LODGING denies the blind access to goods, services and information made available through Adamsmark.com by preventing them from freely navigating Adamsmark.com.

37.    The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, making reservations, etc., for sighted and blind persons.

38.    The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

39.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

40.     Adamsmark.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible forms; the lack of navigation links and the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

41.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Adamsmark.com that lack a text

equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize alt-text to provide a description of the image to a blind computer user.) Photographs of the rooms and the gallery slideshow on the main webpage do not have alt-text, and as a result, Plaintiff and blind WNY LODGING customers are unable to determine the layouts or designs of the rooms or gallery photographs before they attempt to make room reservations.

42.     Unfortunately, because Adamsmark.com lacks accessible image maps, Plaintiff and blind customers are unable to make room reservations regardless. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots," which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on Adamsmark.com's booking calendar and room availability webpages prevent Plaintiff and other blind individuals from selecting or typing in desired booking dates and completing reservation transactions.

43.     Furthermore, Adamsmark.com also lacks accessible drop-down menus. Drop-down menus allow customers to specify the number of adults and children. On Adamsmark.com, blind customers are denied access to the drop-down menu. Therefore, blind customers are unable to add the quantity of adults and children desired to their reservation transaction.

44.     Moreover, the lack of navigation links on WNY LODGING's Website makes attempting to navigate through Adamsmark.com even more time consuming and confusing for Plaintiff and blind consumers.

45.     Adamsmark.com requires the use of a mouse to complete a reservation transaction – the user must use a mouse to select dates. Yet, it is a fundamental tenet of web accessibility

that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Adamsmark.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make reservations on Adamsmark.com.

46.     Due to Adamsmark.com's inaccessibility, Plaintiff and blind customers are unable to complete a reservation transaction on the Website without the assistance of a sighted person. Plaintiff and blind customers must in turn spend time, energy, and/or money to make their reservation at the ADAM'S MARK HOTEL in person or via phone. Some blind customers may require a driver to get to the hotel or require assistance in navigating the hotel, in which case the room reservation may no longer be available. By contrast, if Adamsmark.com was accessible, a blind person could independently investigate products and programs and book reservations via the Internet as sighted individuals can and do.

According to WCAG 2 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's Website in an attempt to reach the desired service. Thus, Adamsmark.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make reservations on Adamsmark.com.

47.     Adamsmark.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Adamsmark.com and who would otherwise be able to fully and equally enjoy the benefits and services of the ADAM'S MARK HOTEL in New York State.

48.     Plaintiff KILER has made numerous attempts to complete a reservation on Adamsmark.com, most recently in April 2017, but was unable to do so independently because of the many access barriers on Defendant's Website. The access barriers have caused Adamsmark.com to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

49.     As described above, Plaintiff has actual knowledge of the fact that Defendant's Website, Adamsmark.com contains access barriers causing the Website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

50.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Adamsmark.com and the ADAM'S MARK HOTEL.

51.     WNY LODGING engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

52.     WNY LODGING utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act) (on behalf of Plaintiff and the Class)**

53.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

54.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

55.     The ADAM'S MARK HOTEL located in New York State is a sales establishment and public accommodation within the definition of 42 U.S.C. § 12181(7)(E). Adamsmark.com is a service, privilege or advantage of WNY LODGING. Adamsmark.com is a service that is by and integrated with this hotel.

56.     Defendant is subject to Title III of the ADA because Defendant is the owner of the Adamsmark.com and the ADAM'S MARK HOTEL.

57.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages,

or accommodations of an entity.

58.    Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

59.    Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

60.    In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

61.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its website accessible would neither fundamentally

alter the nature of Defendant's business nor result in an undue burden to Defendant.

62.    The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of the ADAM'S MARK HOTEL who are blind have been denied full and equal access to Adamsmark.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

63.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

64.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Adamsmark.com and the ADAM'S MARK HOTEL in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

65.    Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

66.    The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

67.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

68.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq*.)
(on behalf of Plaintiff and New York subclass)**

69.      Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

70.      N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

71.      The ADAM'S MARK HOTEL located in New York State is a sales establishment and public accommodation within the definition of N.Y. Exec. Law § 292(9). Adamsmark.com is a service, privilege or advantage of WNY LODGING. Adamsmark.com is a service that is by and integrated with this hotel.

72.      Defendant is subject to New York Human Rights Law because Defendant operates Adamsmark.com and is the owner of the ADAM'S MARK HOTEL. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

73.      Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to Adamsmark.com, causing Adamsmark.com and the services integrated with the ADAM'S MARK HOTEL to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

74.      Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory

practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

75.    In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

76.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

77.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

(a)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)    constructed and maintained a website that is sufficiently intuitive and/or obvious

that is inaccessible to blind class members; and/or

(c)    failed to take actions to correct these access barriers in the face of substantial

harm and discrimination to blind class members.

78.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

79.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Adamsmark.com and the ADAM'S MARK HOTEL under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

80.    The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

81.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

82.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

83.    Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

**(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)
(on behalf of Plaintiff and New York subclass)**

84.    Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

85.    Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

86.    N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof …"

87.    N.Y. Civil Rights Law § 40-c(2) provides that "no person because of … disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

88.    The ADAM'S MARK HOTEL located in New York State is a sales establishment and public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2). Adamsmark.com is a service, privilege or advantage of WNY LODGING. Adamsmark.com is a service that is by and integrated with this hotel.

89.    Defendant is subject to New York Civil Rights Law because Defendant operates Adamsmark.com and is the owner of the ADAM'S MARK HOTEL. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

90.    Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to Adamsmark.com, causing Adamsmark.com and the services integrated with the ADAM'S MARK HOTEL to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

91.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its Website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

92.    In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

93.    Specifically, under NY Civ Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor

more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside …"

94.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

95.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

96.     Plaintiff and class members are entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

## FOURTH CAUSE OF ACTION

### (Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.*) (on behalf of Plaintiff and New York subclass)

97.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

98.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

99.     The ADAM'S MARK HOTEL located in New York State is a sales establishment and public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9). Adamsmark.com is a service, privilege or advantage of the ADAM'S MARK HOTEL.

Adamsmark.com is a service that is by and integrated with this hotel.

100.    Defendant is subject to City Law because Defendant operates Adamsmark.com and is the owner of the ADAM'S MARK HOTEL. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

101.    Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Adamsmark.com, causing Adamsmark.com and the services integrated with the ADAM'S MARK HOTEL to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

102.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

(a)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

103.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

104.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Adamsmark.com and the ADAM'S MARK HOTEL under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

105.     The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

106.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

107.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

108.     Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION

**(Declaratory Relief)**
**(on behalf of Plaintiff and the Class)**

109.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

110.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Adamsmark.com

contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Adamsmark.com and, by extension, the ADAM'S MARK HOTEL, which WNY LODGING owns, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

111.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

(a)    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

(b)    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Adamsmark.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Adamsmark.com is readily accessible to and usable by blind individuals;

(c)    A declaration that Defendant owns, maintains and/or operates its website, Adamsmark.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,*

N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

(d)      An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

(e)      Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

(f)      Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

(g)      For pre and post-judgment interest to the extent permitted by law; and

(h)      Such other and further relief as the Court deems just and proper.


DATED: May 16, 2017

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181

By: */s/ C.K. Lee*
     C.K. Lee, Esq.